2017 UT App 27

## THE UTAH COURT OF APPEALS

ZACHARY R.E. RUSK,
Appellant,

*v.*

KASS HARSTAD AND STRINDBERG & SCHOLNICK LLC,
Appellees.

Per Curiam Decision
No. 20161014-CA
Filed February 9, 2017

Third District Court, Salt Lake Department
The Honorable James D. Gardner
No. 160905193

Zachary R.E. Rusk, Appellant Pro Se

Stuart H. Schultz, Attorney for Appellees

Before JUDGES STEPHEN L. ROTH, KATE A. TOOMEY, and DAVID N. MORTENSEN.

PER CURIAM:

¶1     Zachary R.E. Rusk appeals the order granting summary judgment on his legal malpractice complaint. This case is before the court on a sua sponte motion for summary disposition. We affirm.

¶2     The district court ruled that "based upon the undisputed facts, the record does not support a finding that an attorney-client relationship existed between" Rusk and Defendants Kass Harstad or Strindberg & Scholnick LLC (the law firm). The district court stated that Harstad and the law firm presented undisputed evidence of communications indicating that the law firm would not represent Rusk, which also showed that Rusk understood that the law firm did not represent him. The district court also stated, "No reasonable trier of fact could conclude that

[Rusk] had a reasonable belief that he was being represented by Defendants." Because Rusk failed to meet his burden in opposition to the motion for summary judgment, the district court concluded that Rusk's legal malpractice claim failed as a matter of law.

¶3 "The [district] court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Utah R. Civ. P. 56(a). In reviewing the district court's determination that there is no genuine issue of material fact, this court "view[s] the facts and all reasonable inferences in a light most favorable to the party opposing the motion." *Neiderhauser Builders & Dev. Corp. v. Campbell*, 824 P.2d 1193, 1196 (Utah Ct. App. 1992). "We review the trial court's conclusions of law for correctness, including its conclusion that there are no material fact issues." *Id.* (citation omitted).

¶4 The elements of a legal malpractice case are "(1) an attorney-client relationship; (2) breach of the attorney's fiduciary duty to the client; (3) causation, both actual and proximate; and (4) damages suffered by the client." *Roderick v. Ricks*, 2002 UT 84, ¶ 29, 54 P.3d 1119 (citation and internal quotation marks omitted). Therefore, "in a legal malpractice action, the threshold question is whether an attorney-client relationship was established." *Breuer-Harrison, Inc. v. Combe*, 799 P.2d 716, 727 (Utah Ct. App. 1990). "Once this relationship is proven," the client has the burden to show the additional elements of the legal malpractice claim. *See id.*

¶5 Harstad and the law firm filed a motion for summary judgment listing the facts they claimed were undisputed, supporting the motion with Harstad's sworn statement, which included attached communications between Rusk and Harstad. Rusk did not file an opposition memorandum that complied with rule 56(a)(2), which would require a verbatim recitation of

each of the facts in the summary judgment motion that Rusk disputed supported by citation to materials in the record. Utah R. Civ. P. 56(a)(2). Instead, Rusk submitted additional emails dating from before his consultation with Harstad. Those emails confirmed Rusk's understanding that he would be required to pay $200 for a consultation, after which the law firm would determine whether it would agree to represent him. In those emails, Rusk asked that Harstad not review documents he had provided unless the law firm decided to take his case. These email communications showed that Rusk knew that the law firm had not agreed to represent him and that he was paying only for a preliminary consultation. Accordingly, Rusk's memorandum in opposition to summary judgment did not demonstrate any genuine dispute of material fact.

¶6     The undisputed facts show that after the consultation, Rusk emailed Harstad on June 15, 2015, stating that he understood the law firm had not yet reviewed his case, but he believed that he and the law firm should "part ways right now." Harstad acknowledged Rusk's email and said she would send a letter that morning indicating that the law firm would not be representing Rusk. Harstad sent Rusk a letter dated June 15, 2015, which stated, in part: "We are writing to confirm that we will not be taking any further action regarding this matter on your behalf."

¶7     Rusk later filed a pro se complaint against his former employer in federal court. On August 25, 2015, Rusk emailed Harstad to express his belief that perhaps she was helping his former employer in his lawsuit. In the email exchange that followed, Harstad reiterated that the law firm did not represent Rusk and also stated that neither she nor the law firm represented, assisted, or communicated with his former employer about his legal dispute and would not do so in the future. In another email, Harstad explained why the law firm would not represent him. Rusk responded, "Understood." In a

final email, Harstad again stated that the law firm would not represent Rusk in his case against his former employer, nor would it represent, communicate with, or assist his former employer. Based upon these undisputed facts, the district court found that there was no genuine issue of material fact about the threshold question of whether an attorney-client relationship existed.

¶8 In response to this court's motion for summary disposition, Rusk apparently claims that an implied attorney-client relationship existed because he paid a fee for a consultation and because Harstad made statements he characterizes as legal advice.[1] In the summary judgment motion filed in the district court, Harstad and the law firm addressed a potential claim that an implied attorney-client relationship existed. "[T]he proper determination of whether an implied attorney-client relationship exists hinges on whether [Rusk] had a *reasonable belief* that [he] was represented." *Kilpatrick v. Wiley, Rein & Fielding*, 2001 UT 107, ¶ 40, 37 P.3d 1130. For a person to reasonably believe that an attorney represents him or her, "(1) the person must subjectively believe the attorney represents him or her and (2) this subjective belief must be reasonable under the circumstances." *Roderick*, 2002 UT 84, ¶ 40. The communications between Rusk and Harstad clearly stated that the law firm would not represent Rusk. Rusk later filed a pro se complaint against his former employer and sought appointment of pro bono counsel in that federal case. The undisputed facts demonstrate that there was no basis for a reasonable belief that

---

1. Rusk claims that Harstad agreed to pursue the "EEOC process" on his behalf and had a duty to do so. However, this email discussion of possible courses of action pre-dated the emails and letter dated June 15, 2015, which clearly communicated that the law firm would not represent Rusk in the matter regarding his former employer.

an attorney-client relationship existed between Rusk and Harstad or the law firm. Accordingly, the district court did not err in concluding that "[n]o reasonable trier of fact could conclude that Rusk had a reasonable belief that he was being represented by" Harstad or the law firm.

¶9     For the first time on appeal, Rusk claims that the law firm should be equitably estopped from denying that an attorney-client relationship existed. This claim was not presented to the district court, and it also lacks support in law or fact.

¶10    Based upon the undisputed facts, the district court did not err in determining that there was no express or implied attorney-client relationship. Accordingly, we affirm.

————————